DON R. THOMPSON AND MILDRED THOMPSON, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 879–66.    Filed December 15, 1967.

*William L. Raby*, for the petitioners.
*Richard Rink*, for the respondent.

**OPINION**

Among the errors assigned by petitioners is the following:

(b) The Commissioner erroneously determined that none of the assets acquired in 1963 in connection with repossession of the Redwood Lodge qualified for an investment credit under section 38, et seq., of the Internal Revenue Code;

Section 38, I.R.C. 1954, is in the margin.[1] Subpart B of chapter 1, subch. A, part IV, I.R.C. 1954, comprises three sections, namely, 46, 47, and 48, the applicable provisions of which are in the margin.[2]

---

[1] SEC. 38. INVESTMENT IN CERTAIN DEPRECIABLE PROPERTY.

   (a) GENERAL RULE.—There shall be allowed, as a credit against the tax imposed by this chapter, the amount determined under subpart B of this part.

   (b) REGULATIONS.—The Secretary or his delegate shall prescribe such regulations as may be necessary to carry out the purposes of this section and subpart B.

[2] SEC. 46. AMOUNT OF CREDIT.

   (a) DETERMINATION OF AMOUNT.—

      (1) GENERAL RULE.—*The amount of the credit allowed by section 38 for the taxable year shall be equal to 7 percent of the qualified investment* (as defined in subsection (c)).

      \*        \*        \*        \*        \*        \*

   (c) QUALIFIED INVESTMENT.—

      (1) IN GENERAL.—For purposes of this subpart, the term "qualified investment" means, with respect to any taxable year, the aggregate of—

         (A) the applicable percentage of the basis of each new section 38 property \* \* \* plus

         (B) *the applicable percentage of the cost of each used section 38 property (as defined in section 48(c)(1))* placed in service by the taxpayer during such taxable year.

      (2) APPLICABLE PERCENTAGE.—For purposes of paragraph (1), the applicable percentage for any property shall be determined under the following table:

Under the applicable provisions quoted in footnote 2, petitioners would compute the credit here contended for to be $2,164.01 which is 7 percent of two-thirds of $46,371.71. Respondent, however, contends that no investment credit is allowable on the reacquired Redwood Lodge property for the reason that under the definition of "Used Section 38 Property" contained in section 48(c)(1) "Property shall not be treated as 'used section 38 property' if, after its acquisition by the taxpayer, it is used by a person who used such property before such acquisition." Paragraph 14 of the stipulation of facts is as follows:

14. After reacquisition of the property on April 4, 1963, it was used by petitioners and not by Redwood Gay Nineties Lodge, a corporation. However, the said property was the property which had been owned and used by petitioners prior to the aforementioned sale of the property on April 2, 1962.

It would seem from the statute and the stipulated facts in paragraph 14 of the stipulation that the property here in question could *not* be treated as "used section 38 property" for the very reason that after its reacquisition by petitioners on April 4, 1963, it was used by petitioners who used such property before such reacquisition.

At the outset, it should be noted that our only problem here is to determine the intent of Congress in enacting the second sentence of section 48(c)(1), *supra*, and in doing so we are relieved of any discussion of the phrase "(or by a person who bears a relationship described in section 179(d)(2)(A))" for the reason that the parties have stipulated that neither the corporation nor its stockholders were related to petitioner within the meaning of either section 267 or 707(b), which sections are the sections mentioned in section 179(d)(2)(A).

Petitioners contend that the applicable part of the second sentence of section 48(c)(1) is ambiguous and that it should be interpreted

| If the useful life is— | The applicable percentage is— |
| --- | --- |
| 4 years or more but less than 6 years | 33⅓ |
| 6 years or more but less than 8 years | 66⅔ |
| 8 years or more | 100 |

[Emphasis supplied.]

SEC. 48. DEFINITIONS: SPECIAL RULES.
  (c) Used Section 38 Property.—
    (1) IN GENERAL.—For purposes of this subpart, the term "used section 38 property" means section 38 property acquired by purchase after December 31, 1961, which is not new section 38 property. *Property shall not be treated as "used section 38 property" if, after its acquisition by the taxpayer, it is used by a person who used such property before such acquisition* (or by a person who bears a relationship described in section 179(d)(2)(A) or (B) to a person who used such property before such acquisition). [Emphasis supplied.]

as if Congress had inserted the word "immediately" *twice* in the said sentence, thus making it read as follows:

Property shall not be treated as "used section 38 property" if, *immediately* after its acquisition by the taxpayer, it is used by a person who used such property *immediately* before such acquisitions * * *

Under the wording of the statute, the second sentence of section 48(c)(1) would not apply for petitioners were using the property immediately after its acquisition on April 4, 1963, and the *corporation* was the person using the property immediately *before* such acquisition.

We do not agree with petitioners' contention.

Under section 2 of the Revenue Act of 1962,[3] Congress enacted new sections 38, 46, 47, and 48 of the Internal Revenue Code of 1954, in order to encourage investment and stimulate business activity.[4] Section 38(b) provided that regulations be prescribed to carry out the purposes of these sections. The applicable section of the regulations is section 1.48–3, the material provisions of which are in the margin.[5] While the facts in this case do not fall within any of the three examples of the regulations just referred to, we do not think the regulations in any way can be said to support petitioners' contention. It repeats the exact words of the statute with perhaps the qualification that property shall not be considered as used by a person before its acquisition if such property was used only on a "casual" basis by such person. The latter qualification could hardly apply to petitioners for they used the property reacquired on April 4, 1963, from about December 4, 1957, to April 2, 1962, which would be more than a casual use.

---

[3] Pub L. 87–834, 87th Cong., 2d Sess., H.R. 10650, 76 Stat. 960, approved Oct. 16, 1962.

[4] See H. Rept. No. 1447, 87th Cong., 2d Sess., pp. 7–16; Technical Explanation of the Bill, p. A22; S. Rept. No. 1881, 87th Cong., 2d Sess., pp. 10–21; Technical Explanation of the Bill, p 158; and *Madison Newspapers, Inc.*, 47 T.C. 630, 635.

[5] Sec. 1.48–3 Used section 38 property.

(a) *In general.* (1) Section 48(c) provides that "used section 38 property" means section 38 property acquired by purchase after December 31, 1961, which is not "new" section 38 property". * * *

(2)(i) Property shall not qualify as used section 38 property if, after its acquisition by the taxpayer, it is used by (*a*) a person who used such property before such acquisition * * * Thus, for example, if property is used by a person and is later sold by him under a sale and lease-back arrangement, such property in the hands of the purchaser-lessor is not used section 38 property because the property, after its acquisition, is being used by the same person who used it before its acquisition. Similarly, where a lessee has been leasing property and subsequently purchases it (whether or not the lease contains an option to purchase), such property is not used section 38 property with respect to the purchaser because the property is being used by the same person who used it before its acquisition. In addition, if property owned by a lessor is sold subject to the lease, or is sold upon the termination of the lease, the property will not qualify as used section 38 property with respect to the purchaser if, after the purchase, the property is used by a person who used the property as a lessee before the purchase.

(ii) For purposes of applying subdivision (i) of this subparagraph, * * * property shall not be considered as used by a person before its acquisition if such property was used only on a casual basis by such person.

Furthermore, we do not think this is the type of case that Congress had in mind when it enacted the investment credit provisions. In the first place, it only applied to property acquired by purchase after December 31, 1961. Petitioners first acquired this property in or about 1957. Had it not sold the property to the corporation in 1962, it is obvious it would have had no basis for an investment credit claim. We do not think petitioners are in any better position for having sold the property in 1962 and having reacquired it in 1963. It was still property "used by a person who used such property before such acquisition." Sec. 48(c)(1), *supra*. Moreover, the facts as stipulated do not indicate that any part of the purchase price of $46,371.71 was for property *originally* purchased after December 31, 1961, and before or after April 2, 1962, or that any additional capital was invested in the reacquisition of the property in question over and above the sum originally invested by petitioner.

We express no opinion on facts different from those presented in the instant case.

We sustain the respondent's determination. Because of certain conceded issues by both parties,

*Decision will be entered under Rule 50.*